UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCUS M. HENRY,

    Plaintiff,

    v.                                              Case No. 22-C-1394

ALLISON HOHENSTERN, et al.,

    Defendants.

# ORDER

    Plaintiff Marcus M. Henry, who is currently serving a state prison sentence at the Columbia Correctional Institution (CCI) and representing himself, is proceeding on an Eighth Amendment deliberate indifference claim against Nurses Allison Hohenstern, Jessica Hosfelt, Megan Leberak, Andrea Bleecker, and Kim White in connection with allegations that they refused to give him his insulin at the Waupun Correctional Institution (WCI) between June 15, 2022 and October 14, 2022. Dkt. No. 1. This matter comes before the Court on Plaintiff's motions for a temporary restraining order and motions for sanctions. *See* Dkt. Nos. 16, 22-23, 30, 32 & 34.

    Plaintiff's first motion for a temporary restraining order, filed March 6, 2023, alleges that Hohenstern, Hosfelt, and Bleecker, along with non-defendants Captain Robert Rymarkiewicz, Correctional Officer Demetrius Reynolds, and Sergeant Kivek, refused to give him his insulin for the prior six days at WCI. Dkt. Nos. 15 & 16. Plaintiff's second motion for a temporary restraining order, filed March 17, 2023, alleges that non-defendants Nurse Katrina Krainyk, Health Services Manager Ashley Haseleu, Nurse Brian Taplin, and Security Director Yana Pusich refused to give him his insulin on March 13, 2023 and March 14, 2023 at WCI. Dkt. No. 22. And Plaintiff's third

motion for a temporary restraining order, filed April 10, 2023, alleges that White, along with non-defendants Nurse Jill Winkler, Health Services Manager Alana Acker, Correctional Officer Timothy Hoag, and Unit Manager Michael Glass, refused to give him his insulin at CCI since his transfer on March 28, 2023. Dkt. No. 32.

Defendants deny these allegations and include evidence showing that Plaintiff received his insulin on most days at WCI and has not been symptomatic of hyperglycemia from missing his insulin periodically. *See* Dkt. No. 27; *see also* Dkt. No. 28-2. Further, to the extent Plaintiff periodically missed his insulin at WCI, Defendants explain that it was because Plaintiff refused to submit to blood sugar testing, which was required to determine the dosage of insulin that should be administered, and because he was uncooperative in security protocols required to administer the medication, such as kneeling in the back of his cell when his trap is open. *Id*. Defendants explain that Plaintiff has been combative and assaultive towards staff in the past, so security protocols are necessary for legitimate safety reasons. *Id*. Defendants also contend that the first two injunctions are moot given that Plaintiff is now in custody at CCI; and the third injunction cannot be ordered through this lawsuit because CCI staff are not defendants in this case. Dkt. No. 36.

To obtain an injunction, whether through a temporary restraining order or a preliminary injunction, Plaintiff has the burden of establishing that he has a likelihood of success on the merits; he has no adequate remedy at law; and he is likely to suffer irreparable harm without the injunction. *See* Fed. R. Civ. P. 65(b); *see Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *see also Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). The scope of any injunctive relief must also comply with the requirements of the Prison Litigation Reform Act (PLRA). *See* 18 U.S.C. §3626(a)(2). The PLRA requires that, prior to granting prospective relief, the Court must find that the relief is

(1) narrowly drawn; (2) extends no further than necessary to correct the violation of the Federal right; and (3) is the least intrusive means necessary to correct the violation of the Federal right. *See* 18 U.S.C. § 3626(a)(1). The PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: [P]rison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer*, 682 F.3d at 683. The Court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." *Id.*

The Seventh Circuit has long held that a prisoner's claim for injunctive relief is moot when he is no longer incarcerated at the facility that allegedly violated his rights. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (noting that, if a prisoner is transferred to another institution, his request for injunctive relief is moot unless he can make a reasonable showing that he is likely to be re-transferred). "Mootness is a constitutional doctrine designed to avoid the issuance of advisory opinions." *E.F.L. v. Prim*, 986 F.3d 959, 962 (7th Cir. 2021). An issue becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Watkins v. United States Dist. Ct. for the Cent. Dist. of Illinois*, 37 F.4th 453, 457 (7th Cir. 2022). When that happens, "federal courts lose subject matter jurisdiction over the case." *E.F.L.*, 986 F.3d at 962. Therefore, district courts have a "constitutional obligation to resolve the question of mootness and address it *sua sponte* if needed." *Watkins*, 37 F.4th at 457.

Plaintiff's first two injunctions are directed at WCI staff. *See* Dkt. Nos. 16 & 22. Because Plaintiff was transferred to CCI on March 28, 2023, his requests for injunctions against WCI staff are moot. Plaintiff argues that "if there are no restraining orders in place, the defendants could have me transferred right back to Waupun [because] all the security directors at these prisons know each other." *See* Dkt. No. 31, ¶2. But mere speculation is not enough to show a reasonable

likelihood of retransfer. *See Higgason*, 83 F.3d at 811; *see also Preiser v. Newkirk*, 422 U.S. 395, 403 (1975) (noting that allegations of a likely retransfer may not be based on mere speculation). Indeed, there is no credible evidence on the record showing that Plaintiff is likely to be transferred back to WCI at any point in the future. The Court will therefore deny Plaintiff's first two injunctions as moot. The Court will deny Plaintiff's third injunction because it cannot order relief against individuals who are not defendants in this case. *See Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) (noting that "an injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court" (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007))).

Plaintiff also asks the Court to "sanction" all of the individuals listed above, along with Nurse Jenna Hiland, Warden Randall Hepp, Deputy Warden Emily Propson, Litigation Coordinator Lana Wilson, ICE Tonia Moon, Correctional Officer Nathan Pach, Correctional Officer Erin Cull, Warden Larry Fuchs, and Dr. Laura Sukowaty, based on his missed insulin doses and other issues unrelated to this case, including retaliation, excessive force, denial of access to the courts, conspiracy, and other medical care issues separate from his diabetes. Dkt. Nos. 23, 30, & 34. Plaintiff repeatedly states that all of the defendants' statements in this case are "lies" and medical logs can be inaccurate or falsified. *See, e.g.*, Dkt. No. 31, ¶¶1 & 3.

"[A] court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ebmeyer v. Brock*, 11 F.4th 537, 546 (7th Cir. 2021) (quoting *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016)). The Court must find by a preponderance of the evidence that the responsible party acted or failed to act "with a

4

degree of culpability that exceeds simple inadvertence or mistake" before it may choose to sanction a party. *Id*. Moreover, sanctions imposed pursuant to the Court's inherent authority "must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Id*.

Plaintiff's self-serving statement that all of the defendants' statements are "lies" and his speculation that medical records are inaccurate or falsified is not enough to impose sanctions. Defendants have attached lengthy contemporaneous medical records showing that Plaintiff missed certain doses of insulin due to his own conduct, *i.e.*, refusing blood sugar testing and refusing to kneel in the back of his cell when his trap was open. Plaintiff appears to argue that the nurses were being unreasonable by requiring him to kneel on a broken ankle, especially given that certain correctional officers were allegedly willing to give him his insulin without kneeling, but the nurses could not determine the amount of insulin to give without a blood sugar test, which Plaintiff also refused. In other words, Plaintiff's refusal to submit to blood sugar testing made it medically unsafe to administer insulin, as too much or too little insulin is also harmful to health. Given that Plaintiff has not been symptomatic of hyperglycemia from missing a dose of insulin periodically, there is no basis to "sanction" any of the defendants for refusing to give insulin in response to his uncooperative behavior. There also is no basis to believe that Defendants lied or falsified any of his medical records. And, finally, the Court also cannot sanction non-parties through this lawsuit in connection with unrelated issues and claims. The Court will therefore deny the motions for sanctions.

**IT IS THEREFORE ORDERED** that Plaintiff's motions for a temporary restraining order (Dkt. Nos. 16, 22, & 32) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions for sanctions (Dkt. Nos. 23, 30, & 34) are **DENIED**.

Dated at Green Bay, Wisconsin this 2nd day of May, 2023.

          s/ William C. Griesbach
          William C. Griesbach
          United States District Judge

6

Case 1:22-cv-01394-WCG   Filed 05/03/23   Page 6 of 6   Document 39